UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIRK D. WINGO,  )  <br>  )  <br>  Petitioner,  )  <br>  ) | 3:13-cv-00443-HDM-VPC |
| vs.  ) | **ORDER** |
| ISIDRIO BACA, *et al.*,  )  <br>  )  <br>  Respondents.  )  <br>  _____/ | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 10).

**I. Procedural History**

On May 28, 2010, petitioner was convicted, pursuant to a guilty plea, of murder with the use of a deadly weapon. (Exhibit 63).[1] Petitioner was sentenced to life in prison with parole eligibility beginning after 10 years, plus a consecutive term of 8-20 years for the weapon enhancement. (*Id.*). Petitioner appealed, and the Nevada Supreme Court affirmed his conviction on January 13, 2011. (Exhibit 79).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 11-16.

On March 10, 2011, petitioner filed a post-conviction petition for a writ of habeas corpus in the state district court. (Exhibits 83 & 84). Counsel was appointed, and counsel filed a supplemental petition. (Exhibits 86 & 92). The state district court denied the post-conviction habeas petition. (Exhibit 104). Petitioner appealed. (Exhibit 106). The Nevada Supreme Court affirmed the denial of the state habeas petition on appeal. (Exhibit 124). Remittitur was issued on July 10, 2013. (Exhibit 131).

Petitioner dispatched his federal habeas petition to this Court on August 15, 2013. (ECF No. 4). The petition raises two grounds of relief. In Ground 1, petitioner claims that his guilty plea was unknowing and involuntary because: (a) the State violated the guilty plea agreement; and (b) he was not properly informed of the consequences of his plea. (*Id.*, at pp. 5-7). In Ground 2, petitioner claims that his counsel was ineffective for the following: (1) failing to file pretrial motions; (2) failing to investigate; and (c) failing to inform petitioner that he was facing a potential life sentence. (*Id.*, at pp. 9-12). On September 23, 2013, petitioner filed a statement of additional claims, asserting that his constitutional rights were violated because he was denied the right to appear and testify at the grand jury proceedings. (ECF No. 8).

Respondents have brought the instant motion to dismiss the petition. (ECF No. 10). Petitioner filed an opposition to the motion. (ECF No. 18). Respondents have filed a reply. (ECF No. 19).

**II. Discussion**

    **A. Exhaustion**

        **1. Exhaustion Standard**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S.

838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

**2. Ground 1**

In Ground 1, petitioner claims that his guilty plea was unknowing and involuntary because: (a) the State violated the guilty plea agreement; and (b) he was not properly informed of the consequences of his plea. (ECF No. 4, at pp. 5-7). Petitioner's claim that the prosecutor breached the plea agreement was presented in the opening brief on direct appeal to the Nevada Supreme Court. (Exhibit 75, at pp. 1, 6-11). Ground 1(b), petitioner's claim that the court failed to inform him that he faced a life sentence, was not presented to the Nevada Supreme Court on direct appeal. (Exhibit

75). However, in the opening brief on appeal from the denial of the post-conviction habeas petition, petitioner raised the issue that, during the plea canvass, the court never mentioned that it could sentence him to life in prison. (Exhibit 119, at p. 9). A state court's denial of a habeas petition on the merits will exhaust state remedies. *See Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008). The Nevada Supreme Court's opinion filed April 10, 2013, reflects that the Nevada Supreme Court specifically addressed federal Ground 1(b), petitioner's claim that the court's plea canvass did not inform him that the court could impose a life sentence. (Exhibit 124, at p. 2). This Court finds that the entirety of Ground 1 of the federal petition is exhausted.

### 3. Ground 2

In Ground 2, petitioner claims that his counsel was ineffective on the following grounds: (a) failing to file pretrial motions, including conducting discovery; (b) failing to investigate; and (c) failing to inform petitioner that he was facing a potential life sentence. (ECF No. 4, at pp. 9-12). Respondents acknowledge that petitioner raised these same claims in his post-conviction habeas petition and supplemental petition filed in the state district court. (*See* Exhibits 84 & 92). Respondents argue that petitioner failed to exhaust Ground 2, because in his opening brief on appeal from the denial of his post-conviction habeas petition, he only argued that the state district court erred by denying his petition without holding an evidentiary hearing. (*See* Exhibit 119).

The Court has reviewed the opening brief to the Nevada Supreme Court and observes petitioner asserted that the state district court erred by denying his post-conviction habeas petition without holding an evidentiary hearing. (Exhibit 119). However, petitioner's opening brief also includes an argument that his counsel failed to inform him that he faced a potential life sentence under the plea agreement, which is raised in this Court as Ground 2(c) of the federal petition. (Exhibit 119, at pp. 9-10; ECF No. 4, at pp. 10-12). Petitioner's opening brief includes an argument that counsel failed to conduct pretrial discovery, which is raised as Ground 2(a) of the federal habeas petition. (Exhibit 119, at pp. 10-11; ECF No. 4, at pp. 9-10). Petitioner's opening brief also contains

the argument that counsel was ineffective for failing to properly investigate the case, which is raised as Ground 2(b) of the federal habeas petition. (Exhibit 119, at pp. 10-11; ECF No. 4, at pp. 9-10). Moreover, a state court's denial of a habeas petition on the merits will exhaust state remedies. *See Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008). The Nevada Supreme Court's opinion filed April 10, 2013, reflects that the Nevada Supreme Court specifically addressed the claims made in Ground 2 of the federal petition. (Exhibit 124, at pp. 1-3). This Court finds that the entirety of Ground 2 of the federal petition is exhausted.

### 4. Statement of Additional Claim

On September 23, 2013, petitioner filed a "Statement of Additional Claims," in which he alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated because he was denied the right to appear and testify on his own behalf at the grand jury proceedings. (ECF No. 8). Petitioner never presented this claim to the Nevada Supreme Court, therefore the claim is unexhausted. (*See* Exhibits 75 & 119). Additionally, the claim is barred by the rule announced in *Tollett v. Henderson*, as explained below.

### B. Claim Barred by *Tollett v. Henderson*

In the "Statement of Additional Claims," petitioner alleges that his constitutional rights were violated because he was denied the right to appear and testify on his own behalf at the grand jury proceedings. (ECF No. 8). The United States Supreme Court has held that "when a criminal defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with which he is charged, he may not thereafter raised independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of judgment." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty plea entered by a prisoner represents a break in the chain of events which precedes the plea in the criminal process, and as such, operates to preclude a prisoner from raising independent claims relating to the deprivation of constitutional rights that allegedly occurred prior to the entry of the plea. *Burrows v. Engle*, 545 F.3d 552, 553 (6th Cir. 1976). "[W]hen the judgment of

conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then conviction and the plea, as a general rule, forecloses collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989).

In this case, petitioner was convicted pursuant to a guilty plea entered with the advice of counsel. (Exhibits 60 & 63). Thus, the only pre-plea claims of error that are cognizable pursuant to *Tollett* are claims that the ineffective assistance of counsel caused him to enter an unknowing and involuntary guilty plea. Petitioner's additional claim of pre-plea error, that he was denied the right to appear and testify on his own behalf at grand jury proceedings, is barred by *Tollett*. Accordingly, petitioner's additional claim, as asserted in ECF No. 8, is dismissed with prejudice, as it is barred from federal review under *Tollett*.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. The motion to dismiss portions of Grounds 1 and 2 of federal habeas petition is **DENIED**. Grounds 1 and 2, including all sub-claims within, are exhausted.

2. The motion to dismiss petitioner's additional claim, as asserted in ECF No. 8, is **GRANTED.** Petitioner's additional claim of pre-plea error, that he was denied the right to appear and testify on his own behalf at grand jury proceedings (ECF No. 8), is **DISMISSED WITH PREJUDICE** as it is barred by *Tollett*.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN ANSWER** to Grounds 1 and 2 of the federal habeas petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits as to each ground of the petition, including all sub-claims. **No further motions to dismiss will be entertained**.

1    **IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to
2 the answer, within **thirty (30) days** after being served with the answer.
3    **IT FURTHER IS ORDERED** that any further exhibits filed by the parties shall be filed
4 with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF
5 attachments that are filed further shall be identified by the number or numbers (or letter or letters) of
6 the exhibits in the attachment.  The hard copy of any additional exhibits shall be forwarded – for this
7 case – to the staff attorneys in **Reno, Nevada.**
8         Dated this 13th  day of June, 2014.

*/s/ Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE