UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KIRK D. WINGO, | ) | |
| | ) | |
| Petitioner, | ) | 3:13-cv-00443-HDM-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ISIDRIO BACA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | / | |

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

    By order filed June 16, 2014, this Court granted in part, and denied in part, respondents' motion to dismiss the petition. Specifically, the Court ruled that Grounds 1 and 2 of the petition are exhausted. The Court also ruled that petitioner's additional claim of pre-plea error, as asserted in ECF No. 8, is barred by *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) and dismissed with prejudice. The Court directed respondents to file an answer to Grounds 1 and 2 of the petition within 30 days. The Court further ordered that petitioner shall file a reply to the answer within 30 days of being served with the answer. (ECF No. 21). On July 7, 2014, respondents filed an answer to Grounds 1 and 2. (ECF No. 22).

1   On July 14, 2014, this Court received a letter from petitioner. (ECF No. 23). The Court
2 notes that the letter is not accompanied by a certificate of service stating that a copy of the document
3 was served on the opposing party's counsel. In the order filed August 22, 2013, this Court
4 specifically directed that:

> IT IS FURTHER ORDERED that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

(ECF No. 3, at p. 2). Petitioner's letter is an inappropriate *ex parte* communication and is stricken from the record. A request for court action must be styled as a motion, not a letter, and all motions must be served on the opposing party. *See* Rules 5 & 7 of the Federal Rules of Civil Procedure. To the extent that petitioner's letter seeks explanation of the procedural posture of this case, this order provides such explanation, *supra*. In the interests of justice, the Court will grant petitioner an additional thirty days in which to file a reply to respondents' answer.

**IT IS THEREFORE ORDERED** that petitioner's *ex parte* letter (ECF No. 23) is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that petitioner is **GRANTED thirty (30) days** from the date of entry of this order in which to file his reply, if any, to the answer.

Dated this 21st day of July, 2014.

*Howard D McKibben*
_____
UNITED STATES DISTRICT JUDGE